FILED'08 SEP 30 14:56 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TROY DONTE THURMAN,                 CV. 07-1657-MA

       Petitioner,              OPINION AND ORDER

  v.

J.E. Thomas, Warden, FCI Sheridan,

       Respondent.

Alison M. Clark
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Petitioner

Karen J. Immergut
United States Attorney
Scott Erik Asphaug
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

       Attorneys for Respondent

MARSH, Judge

       Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner seeks

1 -- OPINION AND ORDER

a writ of habeas corpus directing respondent to cease collecting restitution payments from petitioner; to identify petitioner as "IFRP-Excempt,"; to vacate all sanctions imposed upon petitioner; and to restore petitioner to the position at the prison, and in the UNICOR program, that he would have been in but for the Bureau of Prison's wrongful actions.

Currently before the court is respondent's amended motion to dismiss (#15). For the reasons set forth below, the motion to dismiss is denied, and petitioner's habeas corpus petition is granted.

## BACKGROUND

On or about January 19, 2007, petitioner pled guilty to Armed Credit Union Robbery and Brandishing a Firearm During and in Relation to a Crime of Violence. Petitioner was sentenced by the Honorable Franklin D. Burgess, in the Western District of Washington, to a 120-month term of incarceration, five years supervised release, and ordered to pay restitution in the amount of $36,135.00.

The sentencing order provides that restitution is "due immediately," and provides the following schedule of payments during petitioner's incarceration:

> During the period of imprisonment, no less than 25% of their [sic] inmates gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

2 -- OPINION AND ORDER

Petitioner alleges that his current monthly income is $5.25. Petitioner complains that, contrary to his sentence, the BOP has fixed a $75.00 per month restitution payment schedule under the Inmate Financial Responsibility Program, 28 C.F.R. § 545.10 et seq. (IFRP). Petitioner alleges that he was "forced" to make the higher restitution payments under the IFRP, and that "[a]s a result of petitioner's refusal to acquiesce to the BOP's payment schedule he has been threatened with placement in IFRP-Refusal Status and suffered other harsh consequences administered by the BOP."

## DISCUSSION

As an initial matter, I reject respondent's assertion that petitioner's challenge to the BOP's collection of restitution is an attack on petitioner's sentence and must be brought by way of a § 2255 motion. I construe the petition as a challenge to the manner in which the BOP is *executing* petitioner's sentence. See Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998), cert. denied, 526 U.S. 1091 (1999)(considering § 2241 challenge to BOP's collection of court-ordered fine under IFRP).

With regard to the merits of petitioner's habeas petition, I previously have held that a sentencing order, which sets a restitution payment schedule of "not less than" a certain amount, cannot be modified by the BOP without court approval. White v. Daniels, 2007 WL 4210960 *1 (D.Or. Nov. 26, 2007); LeMoine v. Daniels, 2007 WL 2138601 *5 (D.Or. July 20, 2007); Dixey v.

3 -- OPINION AND ORDER

Daniels, 2007 WL 1975806 (D. Or. July 5, 2007). In so holding, I concluded that to allow the BOP to increase a payment schedule would run afoul of United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005):

> Though the Ninth Circuit has not yet considered whether the BOP may increase an inmate's restitution payment amount without a court order, I find that allowing the BOP to modify the payment schedule in any way, without court approval, amounts to an equally impermissible delegation of authority as allowing the BOP to create the payment schedule.
>
> The "not less than" language in petitioner's restitution payment schedule is thus properly interpreted to mean petitioner could choose to pay more; not that the BOP could increase his payment amount based on the IFRP assessment of his ability to pay. See 28 C.F.R. § 545.11 (procedure for developing inmate's "financial plan"). Here, while petitioner "agreed" to pay more, he attests to this court that he only agreed in order to avoid the adverse consequences of not agreeing. Accordingly, I find [that] the BOP's modification of petitioner's restitution payment schedule was not in accordance with the law.

Dixey, 2007 WL 1975806 *2-*3.

For the same reasons, I find that the BOP's modification of petitioner's restitution payment schedule, to $75.00 per month, violates petitioner's sentencing order which set a payment schedule of no less than 25% of petitioner's gross monthly income, or $25.00 per quarter, whichever is greater. Petitioner's alleged "agreement" to pay restitution in excess of his sentence does not compel a contrary decision. Rather, I presume that if petitioner were "*voluntarily* participating in the IFRP [he] would not seek

4 -- OPINION AND ORDER

habeas relief asking to be exempted from participating." West v. Thomas, 2008 WL 2704460 *6-*7 (D. Or. July 2, 2008); but see Mbengo v. Millward, 2008 WL 2850184 *15 (W.D.Pa. July 23, 2008) (rejecting argument that signing of the IFRP contract was coerced due to the threat of loss of privileges); United States v. Young, 533 F.Supp.2d 1086, 1088 (D.Nev. 2007) (opining that it would "not insert itself into a voluntary agreement between Defendant and the BOP").

## CONCLUSION

Based on the foregoing, respondent's amended motion to dismiss (#15) is DENIED, and petitioner's habeas corpus petition (#2) is GRANTED. The BOP is ordered to designate petitioner "IFRP Exempt".

IT IS SO ORDERED.

DATED this **30** day of September, 2008.

_Malcolm F. Marsh_
Malcolm F. Marsh
United States District Judge